**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JEROME HOLLOWAY,

    Petitioner,                          Civil No. 2:07-CV-12332
                                                HONORABLE GERALD E. ROSEN
v.                                          UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Jerome Holloway, ("petitioner"), presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 1974 convictions out of the Wayne County Circuit Court for two counts of first-degree felony murder, M.C.L.A. 750.316. Petitioner has previously filed a petition for a writ of habeas corpus challenging these convictions, which was denied by the federal district court. See *Holloway v. Burt,* U.S.D.C. No. 92-CV-72052 (E.D. Mich. April 7, 1993)(Edmunds, J.); *appeal dism.,* No. 93-1611 (6th Cir. June 29, 1993). For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**II. Discussion**

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.

3d 939, 940 (6th Cir. 1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts, which challenged these convictions. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd

Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III. Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**s/Gerald E. Rosen**
**Gerald E. Rosen**
**United States District Judge**

**Dated: June 20, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on June 20, 2007, by electronic and/or ordinary mail.**

**s/LaShawn R. Saulsberry**
**Case Manager**